IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSE MARTINEZ, | ) |
| *Plaintiff*, | ) ) ) ) |
| v. | ) ) |
| BANK OF AMERICA, N.A. | ) No. 4:25-cv-00852-JMD ) |
| *Defendant*. | ) ) ) ) |

**MEMORANDUM AND ORDER**

Jose Martinez sues Titan Equipment and Bank of America following a fraudulent transaction where he was scammed out of $47,900 by a third party. Because Martinez fails to state a valid claim under Missouri law, the Court grants Bank of America's motion to dismiss, ECF 8.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).

When reviewing a motion under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the nonmovant's favor. *Healy*

1

*v. Fox,* 46 F.4th 739, 743 (8th Cir. 2022). But the Court is not bound by legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## Background

Martinez appears to be scam victim. While trying to purchase a bulldozer, he sent $47,900 to a Florida company called Titan Equipment, LLC. Before paying, Martinez asked a teller at Bank of America to verify that the account on the invoice belonged to Titan, which the teller did. *Id.* But Martinez later realized that the address given to him was the corporate address of a large commercial paving company. He never received the bulldozer, and he "believes" the account must have been owned by somebody else. ECF 1-1 at 21.

Martinez now sues Titan and Bank of America. He failed to serve Titan, so the Court dismissed that defendant. ECF 30. Against the bank, he asserts a "negligence by fiduciary" theory. ECF 11 at 20. He says that as custodian of his savings account, the bank had a fiduciary relationship with him and therefore had a duty to give him the correct information when he requested verification of the invoice. *Id.* at 21. Bank of America moves to dismiss Count II, the only count directed at them, and the only remaining count after the Court dismissed Titan.

## Analysis

A district court sitting in diversity applies the law of the State in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). But Martinez's theory of "negligence by fiduciary" is not a claim under Missouri law. Martinez cites no statute or case law establishing this cause of action, and the phrase does not appear to exist in any Missouri case law or statute. That is enough to dismiss the claim. Martinez is represented by a lawyer in good standing in Missouri. He is not entitled to the leniency afforded to *pro se* litigants. He must identify valid claims supported by legal authority. Federal courts and defendants "are not required . . . to locate applicable statutes . . . that a plaintiff may or may not be invoking."

2

*Lane v. City of Lee's Summit*, No. 4:21-00437-CV-JAM, 2021 WL 5311330, at *2 (W.D. Mo. Nov. 15, 2021). Plaintiffs must "clearly identify a federal statute or other appropriate legal authority that supports the legal claim or claims giving rise to" their suit. *Id.* Martinez fails to cite *any* legal authority for the existence of a "negligence by fiduciary" claim against banks under Missouri law.

Even if the Court liberally construed Martinez's response brief to instead assert two other causes of action, both possible theories would still fail.

First, Martinez's claim could be construed to assert a breach of fiduciary duty. ECF 1-1 at 21 (arguing that the bank "had a fiduciary relationship with Plaintiff"). But the relationship he alleges with the bank is insufficient, by itself, to form a fiduciary relationship. Martinez asserts that he asked a teller to verify the name of an account and then process a transaction. But under Missouri law, "[w]hen a bank transacts business with a depositor or other customer, it has no special duty to counsel the customer and inform him of every material fact relating to the transaction . . . ." *Pigg v. Robertson*, 549 S.W.2d 597, 600 (Mo. Ct. App. 1977) (citation omitted); *see also Aguilar v. PNC Bank, N.A.*, No. 14-CV-985-LRR, 2014 WL 12700618, at *6 (E.D. Mo. Nov. 19, 2014) (finding no fiduciary relationship between a bank and its customers despite an allegation that the bank had more information about a fraudster's accounts and despite its position as the individual retirement account custodian). The relationship between a general depositor and their bank is one of creditor-debtor, not fiduciary. *Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 396 S.W.2d 570, 578 (Mo. 1965).

Missouri courts have recognized a narrow exception where "special circumstances" create a fiduciary relationship that would not otherwise exist. *Pigg*, 549 S.W.2d at 600. For example, there is "little doubt" that when a customer seeks a loan from a bank to purchase a property that is on sale for a bargain price, the bank cannot misdirect the customer and then

3

misappropriate the customer's information to rush to the lot to buy the property first. *Id*. Martinez alleges nothing like that here. He does not allege that the bank "use[d] [his] information to its advantage." *Hall v. NationsBank*, 26 S.W.3d 295, 297–98 (Mo. App. E.D. 2000); *see also Aguilar*, 2014 WL 12700618, at *5 ("[N]othing indicate[d] that the bank violated a confidential relationship for its own advantage . . . ." (citation omitted)); *UT Commc'n Credit Corp. v. Resort Dev., Inc.*, 861 S.W.2d 699, 710 (Mo. App. E. D. 1993) ("[T]here is no evidence or claim that [defendant] used any of the [plaintiffs'] confidential information for its own advantage. Therefore, the general rule applies."). He alleges nothing more than a standard transaction that banks undertake every day.[1] There are no "special circumstances" extreme enough to justify a departure from the default rule.

Finally, in a single sentence, Martinez suggests that he is bringing a standard negligence claim. ECF 10 at 2. But Martinez entirely fails to develop this argument, so it is waived. *United States v. Frausto*, 636 F.3d 992, 997 (8th Cir. 2011). The bank also anticipated this negligence theory and argued against it. Martinez never responded to these arguments, stating only that he "has plead facts giving rise to a claim and cause of action in negligence." ECF 10 at 2. "It is well established that a party concedes an issue by failing to address it in an opposing brief." *Wallace v. R.J. Reynolds Tobacco Co.*, No. 09-01011-CV-W-REL, 2011 WL 13290720, at *6 (W.D. Mo. Sept. 27, 2011) (citation omitted). "Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised

---

[1] Martinez appears to try to add facts not in the complaint, which is "a clear violation of the Federal Rules of Civil Procedure and binding Eighth Circuit precedent, both of which require that all allegations be set forth in the *complaint*." *Clark v. Mickes*, No. 4:05CV01500 ERW, 2006 WL 1877084, at *2 n.3 (E.D. Mo. July 6, 2006) (emphasis in original). In his response brief, Martinez asks for permission to amend his complaint to add additional facts. But this, too, is improper. *See* E.D.Mo. L.R. 4.07 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed."). Even so, the new facts alleged here would not create special circumstances.

in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023); *see also Ursery v. DEA*, No. 4:12CV1911 HEA, 2014 WL 117627, at *2 (E.D. Mo. Jan. 13, 2014) (collecting cases).  To the extent Martinez's claim of "negligence by fiduciary" is to be understood as a claim for negligence, he has waived it.

Because Martinez has not pleaded a cognizable claim under Missouri law, **IT IS HEREBY ORDERED** that Bank of America's motion to dismiss Count II, ECF 8, is **GRANTED**.  As Count I of the complaint was directed at Titan, who has already been dismissed from the suit, dismissing Count II leaves no remaining claims.

Dated this 25th day of February, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

5